OPINION OF THE COURT
Edward W. McCarty III, J.
Facts
On May 4, 1976 the defendant Circus Man Ice Cream Corp., hereinafter referred to as Circus Man, applied for workers’ compensation insurance stating that they were engaged in the business of the sale of ice cream. Workers’ compensation policy number 496615-6 was issued and remained in effect until May *908 20, 1994. The plaintiff, Commissioner of the State Insurance Fund, hereinafter referred to as State Insurance Fund, brings this action for workers’ compensation premiums due and owing. They seek $43,506.43 in principal with interest from May 4, 1994, together with a 22% surcharge exclusively on the principal balance pursuant to New York Finance Law § 18 (5).
The defendant claims that the drivers of Circus Man ice cream trucks are independent business entities. The plaintiff claims that the drivers are intended to be covered by workers’ compensation coverage because there exists an employer/ employee relationship between Circus Man and the truck drivers.
The Trial
The State Insurance Fund called as their only witness Gerard Which, Jr. He is employed as a senior underwriter for the Fund. He stated that in March of 1994 and October 1994 an auditor for the plaintiff reviewed the payroll records of the defendant. He testified that figures upon which the auditor based his conclusions were estimates. He assumed a fiction that the drivers of the defendant’s ice cream trucks were employees earning $300 per week and worked for a period of 15 weeks. He based his assumption that the ice cream truck drivers must be employees upon the observation of the trucks located at the defendant’s premises. Based upon these conclusions, the plaintiff added the drivers of the leased vehicles as employees and based its premium calculations upon that status without regard to payroll, other administrative records and any field observations concerning the operation of the individual ice cream trucks.
Blaise Graziano, president of defendant Circus Man, testified that he had been in the business of ice cream sales for over 38 years, and that 25% of his business was accounted by street vending of ice cream while the remaining 75% concerned the wholesale distribution of ice cream products to hospitals, restaurants, stores and schools. He testified that he had fully complied with the requirements of obtaining workers’ compensation insurance for all of his employees engaged in his wholesale distribution of ice cream products.
He amplified his relationship with his street vendors by testifying that Circus Man on a weekly basis leases his ice cream trucks to individuals who pay a fee for the lease. He collects New York sales tax for these leases and remits it to the New York State Department of Taxation. He further testified *909 that many of the street vendors are individually incorporated, and they must obtain Department of Health and local township and village distribution licenses at their own cost. These individuals are free to purchase supplies for their leased vehicles from any distribution source and may sell to the general public from whatever location they personally desire. The street vendors can terminate their relationship with Circus Man at any time by not renewing the lease for the vehicle. If the street vendor is not giving Circus Man sufficient business, the defendant is also free not to renew the vendor’s lease. The street vendors however are not obligated to purchase all or a minimum of their products from the defendant and the vendor is free to establish his own street vending prices.
Mr. Graziano further amplified his lessor relationship with the street vendors. Many street vendors take their leased trucks home with them in the evenings and there is no mandatory storage of the leased vehicles at the defendant’s premises. The defendant does not assign territories to the individual street vendors and they are free to conduct business wherever they may desire. If the street vendor purchases ice cream or other products from Circus Man, they are supplied with a 1099 Miscellaneous Form. This form is also filed with the Internal Revenue Service showing that the street vendors have purchased product for resale. This permits the Internal Revenue Service the expectation of proper business schedules from the street vendors as independent business entities.
Robert Schloss, the accountant for Circus Man, also testified during the trial. He stated that in October of 1994 the auditor conducting the second audit conceded that the drivers of the leased vehicles were not employees. Based upon this concession, Robert Schloss signed off on the audit, agreeing to its figures. He stated that subsequent review of the figures indicated that the conclusions of the auditor had been changed without his consent and that a premium had been included based upon new figures which included the drivers of the leased vehicles in the status of employees.
Legal Findings
In Matter of Morton (284 NY 167, 172), the Court of Appeals held that whether one is an independent contractor or an employee depends on the presence or absence of various indicia, the most important of which is the right of control over the worker irrespective of the manner in which his work is to be done. Further amplifying the degree of control test the Appel *910 late Division, Second Department, in Commissioners of State Ins. Fund v Lindenhurst Green & White Corp. (101 AD2d 730), recognized other tests to be considered. The Court stated that none of its proposed tests in and of themselves are controlling but that all of these factors must be individually evaluated. These factors include the nature and degree of supervision involved in the relationship; the principal’s obligations to furnish the necessary tools, supplies and materials; the method of payment of compensation; the independent nature of the contractor’s business; and the power to terminate the agreement between the parties. (See also Matter of Gordon v New York Life Ins. Co., 300 NY 652; 52 NY Jur 2d, Employment Relations, § 46; Shapiro v Robinson, 63 NY2d 896.)
In applying these criteria in evaluating the status of the relationship between Circus Man and its street vendors, it is clear that the street vendors are independent contractors. The over-all control of the activities of these street vendors exercised by Circus Man is minimal. The street vendors must obtain their own State or local municipal licensing for operation, they are free to purchase their supplies from any source, they are free to sell to the general public during any hours they desire, they are free to develop and define their own sales territory and they must reconcile their sales independently with the Internal Revenue Service.
While Circus Man leases its vehicles to the street vendors to do business, its control over the leased vehicles is also minimal. The street vendors are free to. maintain these vehicles and are responsible for their daily operational upkeep. In addition to purchasing supplies from the defendant, the street vendors are free to purchase merchandise from any supplier. The method of compensation to the street vendors is merely between them and those to whom they supply their services. There is a mutuality of the power to terminate the lease agreement. Either the defendant or the street vendor are free to terminate their relationship within the confines of their weekly lease.
Conclusion
The street vendors are in fact independent business entities and not employees of the defendant. Circus Man has incurred no liability for workers’ compensation premiums for these independent contractors. The defendant’s further claim that the plaintiff should be equitably estopped for its failure to raise this issue during its prior 16 years of workers’ compensation coverage is without merit.