■ Fira Kleyner, Respondent, v City of New York, Defendant, and 1120 Brighton Owners Corp. et al., Appellants. [981 NYS2d 608]—

In an action to recover damages for personal injuries, the defendants 1120 Brighton Owners Corp. and United Management Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated April 25, 2012, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff allegedly tripped and fell over a broken sidewalk curb adjacent to the side of her apartment building in Brooklyn. The building is owned by the defendant 1120 Brighton Owners Corp. (hereinafter 1120 Brighton Owners) and managed by the defendant United Management Corp. (hereinafter together the appellants). The accident occurred on Seacoast Terrace (formerly Brighton 13th Street), a private road and sidewalk situated be-

tween Brighton Beach Avenue and Brightwater Avenue and owned by 1120 Brighton Owners. The roadway and sidewalk are subject to easements for parking and for pedestrian ingress and egress, benefitting adjacent apartment buildings, including Seacoast Towers, which is owned by nonparty Tower Owners, Inc. (hereinafter Tower Owners), and situated along Seacoast Terrace. A declaration provides that Tower Owners has the obligation to maintain and repair the property subject to the easements. The appellants cross-moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that they did not have a duty to maintain or repair the allegedly defective curb where the plaintiff fell, as they were the owner and manager, respectively, only of the property that was encumbered by the easement. The Supreme Court denied the appellants' cross motion on the ground that there was a triable issue of fact as to whether their use of Seacoast Terrace as a for-profit parking lot for their tenants imposed an obligation upon them to maintain and repair the property subject to the easements.

While an easement generally imposes no affirmative duty on the owner of the servient estate to maintain and repair structures (*see Tagle v Jakob*, 97 NY2d 165, 168 [2001]), such an owner may be required to perform maintenance functions where it makes use of the easement for its own purposes and that use does not interfere with the legitimate activities of the holder of the dominant estate (*see Sutera v Go Jokir, Inc.*, 86 F3d 298, 304 [2d Cir 1996]; *cf. Cesario v Chiapparine*, 21 AD2d 272 [1964]). Under those circumstances, the owner of the servient estate may retain its duty as a landowner to maintain the portion of its premises that is subject to the easement in a reasonably safe condition, provided that such maintenance subjects the owner of the servient estate to no unusual hazards and requires no special expertise (*see Sutera v Go Jokir, Inc.*, 86 F3d at 304; *Tagle v Jakob*, 97 NY2d at 168-169).

Here, the Supreme Court correctly determined that the appellants failed to establish their prima facie entitlement to judgment as a matter of law, since their submissions revealed the existence of a triable issue of fact as to whether they have used the portion of the property that is subject to the easements for their own purposes by creating and maintaining a private, for-profit parking lot upon that portion of the property. Accordingly, the Supreme Court properly denied the appellants' cross motion for summary judgment dismissing the complaint insofar as asserted against them (*see Sutera v Go Jokir, Inc.*, 86 F3d 298 [1996]), regardless of the sufficiency of the plaintiff's opposition papers. Eng, P.J., Balkin, Sgroi and Cohen, JJ., concur.