■ Alfred Richardson, Appellant, v County of Nassau et al., Defendants, and Hempstead Housing Authority, Respondent. [67 NYS3d 271]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sher, J.), dated July 27, 2016, which granted the motion of the defendant Hempstead Housing Authority for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendant Hempstead Housing Authority for summary judgment dismissing the complaint insofar as asserted against it is denied.

The plaintiff, a person who is disabled, alleges that he was on his motorized scooter backing out of an elevator of an apartment building in which he resided when a garbage cart being pushed by an employee of the defendant Hempstead Housing Authority (hereinafter the Housing Authority) came into contact with him in the hallway just outside the elevator. On the date of the incident, the Housing Authority owned, operated, and maintained the building, which has 144 units and houses senior citizens and disabled people. The plaintiff commenced this action to recover damages for personal injuries against, among others, the Housing Authority. The Housing Authority moved for summary judgment dismissing the complaint insofar as asserted against it, and the Supreme Court granted the motion. We reverse.

On a motion for summary judgment, the movant must "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Only if the movant succeeds in meeting its burden will the burden shift to the opponent to demonstrate through legally sufficient evidence that there exists a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]). Where a movant's initial motion papers reveal the existence of a triable issue of fact the motion should be denied (*see Kleyner v City of New York*, 115 AD3d 710 [2014]; *Harris v 11 W. 42 Realty Invs., LLC*, 98 AD3d 1084, 1084 [2012]). "To establish a prima facie case of negligence, a plaintiff must establish the existence of a duty owed by a defendant to the plaintiff, a breach of that duty, and that such breach was a proximate cause of injury to the plaintiff" (*Alvino v Lin*, 300 AD2d 421, 421 [2002]; *see Donatien v Long Is. Coll. Hosp.*, 153 AD3d 600 [2017]; *Conneally v Diocese of Rockville Ctr.*, 116 AD3d 905, 906 [2014]; *Ortega v Liberty Holdings, LLC*, 111 AD3d 904, 905 [2013]).

Here the evidence the Housing Authority submitted in support of the motion was insufficient to establish its prima facie entitlement to judgment as a matter of law. The evidence did not eliminate any material issue of fact as to whether its employee was negligent in handling the garbage cart at the time

of the incident. The employee testified at his deposition that he was told to watch for people in the hallways and to never fill the cart too high so as to block his vision at the front of the cart. He never loaded the cart higher than chest height, at the time of the accident there was nothing obstructing his view, and he always looked in front of him when pushing the cart to make sure no one was in front of him. At the time of the incident he could see clearly in front of him, he was not walking fast, and he was cautiously pushing the cart with his usual force. The employee further testified at his deposition that he first saw the plaintiff only after he felt the impact of his cart striking the plaintiff, and he stopped to see what had occurred. It is undisputed that the plaintiff had been on his scooter backing out of the elevator before the impact, which raises a question as to the credibility of the employee's testimony that he could see clearly in front of him as he was pushing the cart, when he did not see or hear the elevator open or the plaintiff backing out of the elevator. Further, there is a question of fact as to whether the employee was negligent in failing to "see what should be seen" (*Singh v Avis Rent A Car Sys., Inc.*, 119 AD3d 768, 769 [2014]). Since the Housing Authority failed to eliminate all questions of fact as to the happening of the accident, the Supreme Court should have denied its motion without regard to the sufficiency of the plaintiff's opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d at 853). Hall, J.P., Cohen, Barros and Christopher, JJ., concur.