Simon v Rent-A-Center E., Inc. (2020 NY Slip Op 01379)





Simon v Rent-A-Center E., Inc.


2020 NY Slip Op 01379


Decided on February 26, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-12118
 (Index No. 522199/17)

[*1]Abigal Simon, respondent, 
v
Rent-A-Center East, Inc., et al., appellants.


Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York, NY (Thomas G. Darmody and Erika Omundson of counsel), for appellants.
Koenigsberg & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Jillian Rosen], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), dated August 10, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that he was injured in a motor vehicle accident involving a vehicle operated by the defendant Marcus Cummings and owned by the defendants Rent-A-Center East, Inc., and DL Peterson Trust. The accident allegedly occurred when the defendants' vehicle attempted to make a left turn from the right lane in front of the plaintiff's vehicle, cutting off the plaintiff's vehicle. The plaintiff commenced this personal injury action against the defendants. The plaintiff moved for summary judgment on the issue of liability. The Supreme Court granted the plaintiff's motion, and the defendants appeal.
A plaintiff is no longer required to show freedom from comparative fault in order to establish his or her prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d 989). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024).
Here, the plaintiff's affidavit submitted in support of his summary judgment motion established, prima facie, that the driver of the defendants' vehicle was negligent in striking the plaintiff's vehicle when attempting to make a left turn from the right lane of traffic (see Vehicle and Traffic Law §§ 1160[c]; 1163[a]; 1128[a]). In opposition, the defendants failed to raise a triable issue of fact on the issue of liability.
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion for summary judgment on the issue of liability.
BALKIN, J.P., DUFFY, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court