Shah v MTA Bus Co. (2022 NY Slip Op 00327)





Shah v MTA Bus Co.


2022 NY Slip Op 00327


Decided on January 19, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2020-01436
 (Index No. 4818/18)

[*1]Raj Shah, appellant, 
v
MTA Bus Company, et al., respondents.


Subin Associates, LLP, New York, NY (Robert J. Eisen and Pollack Pollack Isaac & DeCicco, LLP [Brian J. Isaac and Christopher Soverow], of counsel), for appellant.
Morris Duffy Alonso & Faley, New York, NY (Robert S. Whitbeck, Iryna S. Krauchanka, and Andrea M. Alonso of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph J. Risi, J.), entered November 25, 2019. The order, insofar as appealed from, denied the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability is granted.
At a hearing pursuant to General Municipal Law § 50-h, the plaintiff testified that while his taxicab was stopped in a parking lane to pick up a passenger, he observed a bus owned by the defendant MTA Bus Company cross over the double yellow line and collide with the front driver's side of his vehicle.
The plaintiff moved for summary judgment on the issue of liability based upon various violations of the Vehicle and Traffic Law, which he alleged were the proximate cause of the incident. The defendants responded that the motion was premature because pretrial discovery and, in particular, party depositions, had not yet occurred. The Supreme Court denied the plaintiff's motion as premature under CPLR 3212(f). We reverse.
"Pursuant to CPLR 3212(f), where facts essential to justify opposition to a motion for summary judgment are exclusively within the knowledge and control of the movant, summary judgment may be denied" (Blake v City of New York, 148 AD3d 1101, 1107 [internal quotation marks omitted]). "[M]ere hope that some evidence might be uncovered during further discovery is insufficient to deny summary judgment" (Tone v Studin, 148 AD3d 1205, 1206). Here, the defendants' opposition to the plaintiff's motion consisted solely of legal argument that the motion was premature. However, the defendants did not explain why the bus operator offered no affidavit in opposition countering the plaintiff's testimony as to how the alleged incident occurred. Moreover, the defendants offered nothing beyond mere speculation and bald conjecture concerning what relevant evidence they hoped to uncover during discovery which would bear on their liability for the alleged incident. Accordingly, the defendants failed to sustain their burden of demonstrating that the plaintiff's motion was premature (see Medina v Rodriguez, 92 AD3d 850, 851).
Further, the plaintiff demonstrated his prima facie entitlement to judgment as a matter of law on the issue of liability. "A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325); instead, "[a] violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Marks v Rieckhoff, 172 AD3d 847, 848).
In support of his motion, the plaintiff submitted his uncontroverted General Municipal Law § 50-h hearing testimony which demonstrated that, while stopped for approximately five to seven seconds, his vehicle was struck by the defendants' bus, and that the defendants' bus crossed over the double yellow line and at least two lanes of traffic in the opposite direction before colliding with his vehicle. The plaintiff's testimony also demonstrated that the bus operator violated Vehicle and Traffic Law § 1126(a) by crossing the median and entering the opposite lane of traffic (see Gute v Grease Kleeners, Inc., 170 AD3d 676, 677; Pearson v Northstar Limousine, Inc., 123 AD3d 991, 991), violated Vehicle and Traffic Law § 1128(a) by failing to drive, to the degree practicable, within a single lane (see Pipinias v Ferreira, 155 AD3d 1073, 1074), and violated his common-law duties to see what there is to be seen (see Peluso v Martinez, 136 AD3d 769, 770) and to keep a proper lookout to avoid a collision (see Canales v Arichabala, 123 AD3d 869, 870).
Since the plaintiff's testimony established the defendants' prima facie negligence and, in opposition, the defendants failed to raise a triable issue of fact, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
The parties' remaining contentions are without merit.
IANNACCI, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court