Pena v KST Trucking, Inc. (2022 NY Slip Op 04177)

Pena v KST Trucking, Inc.

2022 NY Slip Op 04177

Decided on June 29, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 29, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2018-14877
 (Index No. 712357/18)

[*1]Fabiola Pena, respondent,
v
KST Trucking, Inc., et al., appellants.

Jeffrey Samel, New York, NY (Robert G. Spevack of counsel), for appellants.
Poltielov Law Firm, P.C. (Law Offices of Regis A. Gallet, LLC, Forest Hills, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Richard G. Latin, J.), entered November 21, 2018. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries when the vehicle she was driving was struck by a truck owned by the defendant KST Trucking, Inc., and operated by the defendant Ricardo L. Edwards. The accident occurred near an intersection on a four-lane, one-way roadway with two dedicated left-turn lanes. The plaintiff allegedly was stopped for a traffic light in the left lane, intending to turn. The defendants' truck attempted to make a left turn from the adjacent turning lane, partially entering the plaintiff's lane and striking her vehicle.
The plaintiff thereafter commenced this action against the defendants to recover damages for personal injuries. The plaintiff moved for summary judgment on the issue of liability. In an order entered November 21, 2018, the Supreme Court granted the plaintiff's motion, and the defendants appeal.
The plaintiff's affidavit submitted in support of her summary judgment motion established, prima facie, that Edwards was negligent in partially moving his vehicle into the plaintiff's lane in violation of Vehicle and Traffic Law § 1128(a) (see Shah v MTA Bus Co., 201 AD3d 833, 834; Simon v Rent-A-Center E., Inc., 180 AD3d 1100, 1101; Marks v Rieckhoff, 172 AD3d 847, 848-849). Contrary to the defendants' contention, the photographs submitted with the plaintiff's initial motion papers did not reveal the existence of a triable issue of fact (see Richardson v County of Nassau, 156 AD3d 924, 925). The defendants argued that the photographs show that the plaintiff's vehicle was stopped some distance from the intersection at the time of the accident, perhaps even a car length away, purportedly undercutting her claim that her vehicle was the first one at the light. But the fact that the plaintiff may not have stopped her vehicle as close to the intersection as she could have did not contradict her assertions that she was stopped at the time of the accident and that the defendants' truck entered her lane when it was unsafe to do so.
In opposition to the plaintiff's motion, the defendants failed to raise a triable issue of fact. They correctly concede on appeal that the Supreme Court properly disregarded Edwards' unsworn statement because it was inadmissible (see CPLR 3212[b]; Han Hao Huang v "John Doe", 169 AD3d 1014, 1016). Contrary to the defendants' contentions, the court also correctly declined to consider the uncertified police report they submitted. Since it lacked a certification, the fact that the report arguably contained a party admission from the plaintiff, standing alone, did not make it admissible (see Yassin v Blackman, 188 AD3d 62, 65-67). Nor was the uncertified police report otherwise admissible as hearsay evidence in opposition to the motion. The defendants offered no excuse for failing to submit the police report in admissible form and, under the circumstances, the inadmissible report would have provided the sole basis for denying summary judgment (see Castle v Bawuah, 101 AD3d 922, 924; see also Yassin v Blackman, 188 AD3d at 67).
Accordingly, the Supreme Court properly granted the plaintiff's motion for summary judgment on the issue of liability.
BRATHWAITE NELSON, J.P., MILLER, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court