Jaipaulsingh v Umana (2022 NY Slip Op 05028)

Jaipaulsingh v Umana

2022 NY Slip Op 05028

Decided on August 24, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 24, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-02801
 (Index No. 714353/19)

[*1]Thakoordai Jaipaulsingh, appellant, 
v
Alexander Umana, et al., respondents.

Subin Associates, LLP (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Joshua Block], of counsel), for appellant.
Anna J. Ervolina, New York, NY (Timothy J. O'Shaughnessy of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), dated March 31, 2021. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is granted.
This action arises out of a motor vehicle collision that occurred on May 10, 2019. The plaintiff alleges that he was injured when a vehicle operated by the defendant Alexander Umana and owned by the defendants New York City Transit Authority, Metropolitan Transportation Authority, and Manhattan and Bronx Surface Transportation Operating Authority came into contact with the plaintiff's vehicle. The accident allegedly occurred when the defendants' vehicle attempted to make a left turn from the middle lane of Rockaway Boulevard in front of the plaintiff's vehicle, and cut off the plaintiff's vehicle. The plaintiff subsequently commenced this personal injury action against the defendants. The plaintiff moved, inter alia, for summary judgment on the issue of liability. In an order dated March 31, 2021, the Supreme Court, among other things, denied that branch of the plaintiff's motion, and the plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Shah v MTA Bus Co., 201 AD3d 833, 834 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 319-320; Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034). "To be entitled to . . . summary judgment [on the issue of liability] a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Marks v Rieckhoff, 172 AD3d 847, 848). A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Shah v MTA Bus Co., 201 AD3d at 834; Marks v Rieckhoff, 172 AD3d at 848).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, his own affidavit, which demonstrated that the driver of the defendants' vehicle was negligent in striking the plaintiff's vehicle while attempting to make a left turn from the middle lane of traffic (see Vehicle and Traffic Law §§ 1128[a]; 1160[b]; Simon v Rent-A-Center E., Inc., 180 AD3d 1100, 1101). In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court