Valdez v MTA Bus Co. (2022 NY Slip Op 06280)

Valdez v MTA Bus Co.

2022 NY Slip Op 06280

Decided on November 9, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2020-08902
 (Index No. 705663/18)

[*1]Francia Valdez, appellant, 
v
MTA Bus Company, et al., respondents, et al., defendant.

Siegel & Coonerty, LLP, New York, NY (Michael P. Peters of counsel), for appellant.
Morris, Duffy, Alonso, Faley & Pitcoff, New York, NY (Iryna S. Krauchanka and Andrea M. Alonso of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 24, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against the defendants MTA Bus Company and Christopher Beckford, incorrectly sued herein as Christer Beckford.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On August 13, 2017, the plaintiff allegedly was injured while riding as a passenger on a bus owned by the defendant MTA Bus Company (hereinafter MTA) and operated by the defendant Christopher Beckford, incorrectly sued herein as Christer Beckford. The bus allegedly was involved in an accident with a vehicle operated by the defendant Hai Sun (hereinafter the Hai Sun vehicle). The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in the accident. Thereafter, the plaintiff moved, inter alia, for summary judgment on the issue of liability against MTA and Beckford, alleging that they violated Vehicle and Traffic Law §§ 1143, 1128(a), and 1162. In an order entered November 24, 2020, the Supreme Court, among other things, denied that branch of the plaintiff's motion. The plaintiff appeals.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Hai Ying Xiao v Martinez, 185 AD3d 1014, 1014 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312; Shah v MTA Bus Co., 201 AD3d 833, 834). Here, the plaintiff failed to meet her prima facie burden. In support of that branch of her motion which was for summary judgment on the issue of liability against MTA and Beckford, the plaintiff primarily relied upon video footage taken from certain cameras on the bus. However, none of the video footage showed the roadway from Beckford's vantage point on the bus or showed the alleged impact between the bus and the Hai Sun vehicle. The plaintiff's motion was made prior to conducting the depositions of both Beckford and Hai Sun. At her own deposition, the plaintiff testified that she did not observe the actual contact between the bus and the Hai Sun vehicle. Accordingly, the Supreme Court properly denied that [*2]branch of the plaintiff's motion which was for summary judgment on the issue of liability against MTA and Beckford, without regard to the sufficiency of their opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
DUFFY, J.P., RIVERA, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court