Policart v Wheels LT (2023 NY Slip Op 06066)

Policart v Wheels LT

2023 NY Slip Op 06066

Decided on November 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
BETSY BARROS
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-04550
 (Index No. 503500/21)

[*1]Steve J. Policart, respondent, 
v
Wheels LT, et al., appellants.

McGiff Halverson Dooley LLP, Patchogue, NY (Daniel J. O'Connell of counsel), for appellants.
Mikhail Yadgarov & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Joshua Block, and Greg Freedman], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 11, 2022. The order, in effect, granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof, in effect, granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
On May 15, 2020, a vehicle operated by the plaintiff was traveling on Farragut Road in Brooklyn. There was no stop sign governing the traffic on Farragut Road at its intersection with East 38th Street. A vehicle operated by the defendant Jean C. Joseph and owned by the defendants Wheels LT and ABM Industries Incorporated was traveling on East 38th Street. There was a stop sign governing traffic on East 38th Street at its intersection with Farragut Road. The plaintiff allegedly was injured as a result of a collision between the two vehicles. The plaintiff subsequently commenced this action to recover damages for personal injuries against the defendants. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence. In an order dated May 11, 2022, the Supreme Court, in effect, granted the plaintiff's motion. The defendants appeal.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Shah v MTA Bus Co., 201 AD3d 833, 834 [internal quotation marks omitted]; see Rodriguez v City of New York, 31 NY3d 312, 319-320; Jordon v Chan, 214 AD3d 774, 775). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law [*2]on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d at 323; Perez v Persad, 183 AD3d 771, 771-772).
A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Jaipaulsingh v Umana, 208 AD3d 765, 766; Shah v MTA Bus Co., 201 AD3d at 834; Marks v Rieckhoff, 172 AD3d 847, 848). "Pursuant to Vehicle and Traffic Law § 1142(a) a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; see Breen v Seibert, 123 AD3d 963, 964). "A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield" (Laurent v Bass, 177 AD3d 724, 725; see Belle-Fleur v Desriviere, 178 AD3d 993, 995).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, his own affidavit, which demonstrated that the driver of the defendants' vehicle was negligent in entering the intersection without yielding the right-of-way to the plaintiff and that such negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Balladares v City of New York, 177 AD3d 942, 944; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; Breen v Seibert, 123 AD3d at 964). In opposition to that prima facie showing, the defendants failed to raise a triable issue of fact (see Pivetz v Brusco, 145 AD3d 806, 808; Lilaj v Ferentinos, 126 AD3d 947, 948). Thus, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
However, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence, since the plaintiff's affidavit did not eliminate all triable issues of fact as to whether he was free from comparative negligence (see Bruce v Takahata, 219 AD3d 448; Ramirez v Wangdu, 195 AD3d 646, 647). Thus, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence.
DILLON, J.P., BARROS, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court