Williams v Morse (2024 NY Slip Op 02344)

Williams v Morse

2024 NY Slip Op 02344

Decided on May 1, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 1, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
JANICE A. TAYLOR
CARL J. LANDICINO, JJ.

2021-04224
 (Index No. 617127/18)

[*1]Quincy R. Williams, respondent,
v
Edward C. Morse, Jr., et al., appellants.

Eric D. Feldman, Melville, NY (Jennifer M. Belk of counsel), for appellants.
Stolzenberg Cortelli, LLP, White Plains, NY (Terrence James Cortelli of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Steven M. Jaeger, J.), dated May 12, 2021. The order, insofar as appealed from, granted the plaintiff's cross-motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff allegedly was injured when a tractor trailer owned by the defendant M and M Transport Services and operated by the defendant Edward C. Morse, Jr. (hereinafter the defendant driver), came into contact with the vehicle that the plaintiff was operating. The plaintiff's vehicle was in a right turning lane on Hillside Avenue in the Village of Old Westbury. The defendant driver was also attempting to make a right turn from Hillside Avenue and was to the left of the plaintiff's vehicle when the accident occurred. The plaintiff commenced this action to recover damages for personal injuries.
The defendants moved for summary judgment dismissing the complaint, and the plaintiff cross-moved for summary judgment on the issue of liability. By order dated May 12, 2021, the Supreme Court, among other things, granted the plaintiff's cross-motion for summary judgment on the issue of liability. The defendants appeal from so much of the order as granted the plaintiff's cross-motion.
"A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries" (Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312; Sapienza v Harrison, 191 AD3d 1028, 1029). A plaintiff need not demonstrate the absence of his or her own comparative negligence to be entitled to summary judgment as to a defendant's liability (see Rodriguez v City of New York, 31 NY3d at 315; Poon v Nisanov, 162 AD3d 804, 807).
Here, viewing the evidence in the light most favorable to the defendants, the plaintiff established his prima facie entitlement to judgment as a matter of law by submitting, inter alia, [*2]dashcam video footage of the accident and transcripts of the deposition testimony of the plaintiff and the defendant driver. That evidence established, prima facie, that the defendant driver failed to keep a proper lookout (see Crist v Rosenberger, 219 AD3d 569), failed to operate the defendants' vehicle as nearly as practicable entirely within a single lane, moved from that lane when it was not safe to do so (see Vehicle and Traffic Law § 1128[a]; Jaipaulsingh v Umana, 208 AD3d 765; Simon v Rent-A-Center E., Inc., 180 AD3d 1100), and attempted to make a right turn when it was not reasonably safe to do so (see Vehicle and Traffic Law § 1163[a]; Seizeme v Levy, 208 AD3d 809, 810).
Contrary to the defendants' contention, the Supreme Court properly considered the affidavit and report of the plaintiff's expert on the plaintiff's cross-motion, despite the plaintiff's failure to disclose that expert prior to the filing of the note of issue and certificate of readiness, in light of the tolling of time limitations pursuant to Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8) and subsequent executive orders extending the tolling period until November 3, 2020 (see Brash v Richards, 195 AD3d 582). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact on the issue of liability.
Accordingly, the Supreme Court properly granted the plaintiff's cross-motion for summary judgment on the issue of liability.
DILLON, J.P., MALTESE, TAYLOR and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court