Moustakas v Giardina (2025 NY Slip Op 04781)

Moustakas v Giardina

2025 NY Slip Op 04781

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-10428
 (Index No. 624350/23)

[*1]Efstratios Moustakas, appellant, 
v
Steven M. Giardina, respondent.

Gruenberg Kelly Della (Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Douglas P. Blumenthal of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Thomas F. Whelan, J.), dated August 12, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence, without prejudice to renewal after the completion of discovery.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiff's motion which was for summary judgment on the issue of liability, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action against the defendant to recover damages for personal injuries he allegedly sustained when the front of the vehicle that he was operating collided with the front driver's side of a vehicle operated by the defendant at the intersection of East Main Street and John Jones Lane in Suffolk County. The accident occurred as the defendant, who was traveling north on John Jones Lane, attempted to turn left onto East Main Street in front of the plaintiff, who was traveling east on East Main Street. There was a stop sign governing traffic in the defendant's direction of travel on John Jones Lane at its intersection with East Main Street, but there were no traffic control devices governing the plaintiff's direction of travel on East Main Street. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence. In an order dated August 12, 2024, the Supreme Court denied the plaintiff's motion, without prejudice to renewal after the completion of discovery. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Garutti v Kim Co. Refrig. Corp., 222 AD3d 728, 728-729, quoting Tsyganash v Auto Mall Fleet Mgt., Inc., 163 AD3d 1033, 1033-1034; see Rodriguez v City of New York, 31 NY3d 312, 319-320). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or [*2]her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Jaipaulsingh v Umana, 208 AD3d 765, 766). However, "the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029; see Seizeme v Levy, 208 AD3d 809, 810).
"'Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard'" (Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d 1286, 1288, quoting Cruz v DiSalvo, 188 AD3d 986, 987; see Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "'As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law'" (Brewster v Riseboro Community Partnership, Inc., 234 AD3d 810, 811, quoting Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; see Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d at 1288). "If one party has established that the other party has committed negligence per se, the burden then falls to the opposing party to submit a nonnegligent explanation for the action" (Orellana v Mendez, 208 AD3d 888, 889). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Roderick v Golden, 230 AD3d 816, 817).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by demonstrating that the defendant failed to yield the right-of-way to the plaintiff and that such negligence was a proximate cause of the accident (see Policart v Wheels LT, 221 AD3d 920, 921-922; Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d at 1288; Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131). In opposition, the defendant, who submitted his own affirmation, failed to offer a nonnegligent explanation for failing to yield the right-of-way to the plaintiff's vehicle, and thus, failed to raise a triable issue of fact (see Policart v Wheels LT, 221 AD3d at 921; Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d at 1288; cf. Ibas v Peralta, 237 AD3d 680; Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). Contrary to the defendant's contention, the plaintiff's motion was not premature (see Maurice v Donovan, 235 AD3d 633, 635; Yongyong Zhu v Shrestha, 229 AD3d 844, 846). Accordingly, the Supreme Court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.
However, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence. The plaintiff established, prima facie, that he was not at fault in the happening of the accident (see Brewster v Riseboro Community Partnership, Inc., 234 AD3d at 812; Yongyong Zhu v Shrestha, 229 AD3d at 846). However, in opposition, the defendant raised a triable issue of fact as to whether the plaintiff was comparatively at fault in the happening of the accident (see Jones v Haifeng Zuo, 220 AD3d 933, 934; Andrade-Fuentes v Iglesia Cristiana Valle De Jesus, Inc., 219 AD3d at 1288).
IANNACCI, J.P., MILLER, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court