State Farm Mut. Auto. Ins. Co. v Diallo (2026 NY Slip Op 50006(U))

[*1]

State Farm Mut. Auto. Ins. Co. v Diallo

2026 NY Slip Op 50006(U)

Decided on January 7, 2026

Civil Court Of The City Of New York, Queens County

Kagan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 7, 2026
Civil Court of the City of New York, Queens County

State Farm Mutual Automobile Insurance Company, as Subrogee of Victor Greene, Plaintiff,

againstAmadou Oury Diallo A/K/A Oury Diallo, Ahmad Turay A/K/A Sitta Turay, Uber USA LLC, Rasier NY LLC, Rasier CA LLC & Uber Technologies Inc., Defendants.

Index No. CV-018973-24/QU

Plaintiff
Nicolini, Paradise, Ferretti & Sabella 
114 Old Country Road, Suite 500
Mineola, New York 11501 
Tel: (516) 741-6355
Defendant
Baker, McEvoy & Moskovits 
5 Broadway, Suite 3
Freeport, New York 11520 
Tel: (212) 857-8230 
and
Wilson Elser Moskowitz Edelson & Dicker 
150 East 42 Street 
New York, New York 10017

Mark Kagan, J.

The defendant Uber Technologies has moved pursuant to CPLR §3212 seeking summary judgement arguing there are no questions of fact they are not vicariously liable to the plaintiff. The plaintiff has opposed the motion. Pursuant to CPLR §2219(a) the court has reviewed all the documents and motion papers that pertain to this motion. After reviewing all the arguments this court now makes the following determination.
On August 27, 2021 an automobile accident took place near the intersection of Knapp Street and Avenue V in Kings County. A car driven by the defendant Turay collided with a vehicle driven by the plaintiff's subrogor Victor Greene. The defendant Turay was operating his vehicle as an Uber driver at the time of the accident and Uber was sued as the defendant's [*2]employer. Uber has now moved seeking summary judgement arguing that as a matter of law Uber was in fact not the employer of Turay, that Turay was an independent contractor working for Uber and that consequently Uber cannot be vicariously liable for the accident.
The plaintiff has opposed the motion arguing there are questions of fact whether Turay, as an Uber driver, was an independent contractor or an employee of Uber.Conclusions of LawA party seeking summary judgement must demonstrate that there are no material and triable issues of fact (Aaron Manor Rehabilitation and Nursing Center, LLC v. Zucker, 42 NY3d 46, 216 NYS3d 584 [2024]). Therefore, summary judgement is appropriate when the movant presents sufficient evidence demonstrating there are no material issues of fact (Matter of New York City Asbestos Litigation, 33 NY3d 20, 99 NYS3d 734 [2019]). Summary judgment is the procedural and functional equivalent of a trial (Angieri v. Musso, 225 AD3d 43, 206 NYS3d 316 [2d Dept., 2024]). Therefore, the burden falls upon the moving party to demonstrate that, on the facts, it is entitled to judgment as a matter of law (see, Richardson v. County of Nassau, 156 AD3d 924, 67 NYS3d 271 [2d Dept., 2017]).
It is well settled that an employer can be vicariously liable for the torts of an employee committed during the scope of employment (D.S. v. Positive Behavior Support Consulting and Psychological Resrouces, P.C., 197 AD3d 518, 151 NYS3d 690 [2d Dept., 2021]). However, an employer who maintains an independent contractor is generally not liable for the independent contractor's torts since the employer does not control or supervise the work of the independent contractor (Sultan v. 6810 Wai Inc., 237 AD3d 773, 230 NYS23d 723 [2d Dept., 2025]). 
Two tests have been developed to determine whether an individual is an employee or an independent contractor. The more infrequent economic realities test concerns "whether, as a matter of economic reality, the workers depend upon someone else's business for the opportunity to render service or are in business for themselves" (see, Brock v. Superior Care Inc., 840 F2d 1054 [2d Cir. 1988]). This test focuses upon the worker's opportunity for profits or losses in the business the extent to which the work is considered an integral part of the employer's business (id). 
The common control test, which is utilized in New York (see, Kreinik v. Showbran Photo Inc., 400 F.Supp2d 554 [S.D.NY 2005]) focuses upon "the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (Bynog v. Cipriani Group Inc., 1 NY3d 193, 770 NYS2d 692 [2003]). The court enumerated five factors to assess whether such control exists on the part of the employer. They are "whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (id). 
In this case Uber has submitted the affidavit of Erin O'Keefe a Senior Manager of Corporate Business Operations for Uber. She asserts that Turay was permitted to work at his own convenience, accepting or rejecting rides at his sole discretion without any work requirements on the part of Uber at all. Turay was not subject to any schedule and could choose to accept or decline rides as he saw fit and was not required to accept any minimum amount of rides. Moreover, Turay was permitted to engage in any other business activity and was even permitted to work for competitors of Uber including Lyft or Via. Further, Turay did not receive any fringe benefits from Uber such as health insurance or retirement benefits. Lastly, Turay did not receive a salary from Uber, was not on Uber's payroll and Uber did not withhold any taxes from Turay. Thus, Uber has demonstrated, prima facie, that none of the factors applied to [*3]defendant Turay and therefore as a matter of law Turay was not an employee of Uber and Uber cannot be liable for Turay's negligence.
In opposition, the plaintiff argues there are questions of fact whether Turay was an employee of Uber. Specifically, the plaintiff asserts Turay agreed to a platform access agreement which governed fees and which required any disputes with Uber to be resolved via arbitration. The plaintiff cites numerous cases to support the contention that an Uber driver is an employee. Thus, in Uy v. Hussein, 186 AD3d 1567, 131 NYS3d 70 [2d Dept., 2020] the Second Department held that there were questions of fact whether the Uber driver was acting within the scope of his employment at the time of the accident, surely holding that the driver was an employee of Uber. However, the court in Uy (id) never discussed whether the driver was an employee or an independent contractor, rather, only dealt with the issue raised, namely whether the driver was acting within the scope of employment. Indeed, before a determination can be made whether an employee was acting within the scope of employment there must first be a determination that an employment relationship even existed (Phillips v. Uber Technologies Inc., 2017 WL 2782036 [S.D.NY 2017]). The mere fact such a conclusion was reached in that regard in Uy (supra) does not mean every Uber driver is therefore an employee of Uber. Again, Soares v. Rahmatulloev, 234 AD3d 644, 227 NYS3d 226 [1st Dept., 2025] the court did not consider whether the Uber driver was an independent contractor and only focused on whether the driver was acting within the scope of employment at the time of the accident.
Thus, there are no appellate cases that have determined Turay must be considered an employee of Uber. Further, the platform access agreement supports the conclusion Turay is an independent contractor. First, the agreement specifically states that the contract created between the parties is that of an independent contractor. While that is not dispositive it is surely a fact that may be considered (Brielmeier v. Leal, 226 AD3d 955, 210 NYS3d 209 [2024]). More importantly, the only evidence the plaintiff introduces to demonstrate the existence of his status as an employee is the fee arrangement provisions and the arbitration clause. However, neither of those provisions impose any control over the way Turay was required to do his work that would support any question of fact he was an employee. In fact, the fee provisions only highlight the truism that Turay is not an employee of Uber and does not receive a conventional salary. That does not raise any question of fact whether Turay was an employee.
Lastly, the mere fact the platform access agreement required Turay to maintain any necessary licenses to operate a for-hire vehicle and subjected Turay to background checks and permitted a rating system for drivers (and riders) does not mean there are any questions of fact whether Turay was an employee of Uber (cf. State Farm Mutual Automobile Insurance Company v. Rubel, _Misc 3d _, 241 NYS3d 588 [Civil Court Queens County 2025]). Maintaining one's own licenses is indicative one is acting as an independent contractor (State Insurance Fund v. Circus Man Ice Cream Corp., 186 Misc 2d 907, 721 NYS2d 717 [Supreme Court Nassau County 2001]). As the Court of Appeals observed, citing earlier authority "the requirement that the work be done properly is a condition just as readily required of an independent contractor as of an employee and not conclusive as to either" (In re Hertz Corp., 2 NY3d 733, 778 NYS2d 743 [2004]). Likewise, control over fees as well as the receipt of any feedback does not demonstrate sufficient control over the work to create any questions whether an Uber driver can be classified as an employee (see, In re Yoga Vida NYC Inc., 28 NYS3d 1013, 41 NYS3d 456 [2016]).
Therefore, based on the foregoing, the plaintiff has failed to raise any question of fact and [*4]Uber's motion seeking summary judgement is granted.
So ordered.
Dated: January 7, 2026
Jamaica, NY
Hon. Mark Kagan, JCC