Shuofang Yang v Sanacore (2022 NY Slip Op 01192)





Shuofang Yang v Sanacore


2022 NY Slip Op 01192


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
LINDA CHRISTOPHER, JJ.


2019-10525
 (Index No. 603258/17)

[*1]Shuofang Yang, appellant,
v Teresa Sanacore, etc., et al., respondents.


Pulvers, Pulvers & Thompson, LLP (Aydiner, P.C., Mineola, NY [Si Aydiner], of counsel), for appellant.
Scahill Law Group P.C., Bethpage, NY (Keri A. Wehrheim and Gerard Ferrara of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated July 25, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff allegedly was injured when a vehicle operated by the plaintiff collided with a vehicle operated by Marie Sanacore and owned by Charles Sanacore at the T-intersection of Adirondack Drive and Middle Country Road in Suffolk County. According to the plaintiff's deposition testimony, the Sanacore vehicle was traveling eastbound on Middle Country Road, and the plaintiff's vehicle was traveling northbound on Adirondack Drive, which came to an end at its intersection with Middle Country Road. There was a stop sign governing the plaintiff's vehicle at the intersection. The plaintiff was attempting to make a left turn to travel in a westerly direction on Middle Country Road when the collision occurred. The plaintiff commenced this action against the defendants, Teresa Sanacore, as administrator of the estate of Marie A. Sanacore, and Charles Sanacore. The defendants moved for summary judgment dismissing the complaint, contending that the plaintiff's violation of Vehicle and Traffic Law §§ 1141 and 1142(a) was the sole proximate cause of the accident. In an order dated July 25, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Enriquez v Joseph, 169 AD3d 1008, 1008-1009). "There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427), and "[g]enerally, it is for the trier of fact to determine the issue of proximate cause" (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889; see Howard v Poseidon Pools, 72 NY2d 972, 974).
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). Pursuant to Vehicle and Traffic Law § 1141, "[t]he driver of a vehicle intending to turn to the left within an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard" (see Attl v Spetler, 137 AD3d 1176; Katikireddy v Espinal, 137 AD3d 866). Pursuant to Vehicle and Traffic Law § 1142(a), "every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection." "[T]he question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that the driver failed to yield after initially stopping" (Fuertes v City of New York, 146 AD3d 936, 937; see Francavilla v Doyno, 96 AD3d 714, 715).
The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law (see Gobin v Delgado, 142 AD3d 1134, 1136; Arias v Tiao, 123 AD3d 857, 858). "At the same time, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Arias v Tiao, 123 AD3d at 858; see Aponte v Vani, 155 AD3d 929, 930). A driver is negligent where he or she failed to see that which, through proper use of his or her senses, the driver should have seen (see Sage v Taylor, 195 AD3d 971, 972; Inesta v Florio, 159 AD3d 682, 683).
Here, the evidence, viewed in the light most favorable to the plaintiff as the nonmoving party (see Pearson v Dix McBride, LLC, 63 AD3d 895), demonstrates that the defendants failed to establish, prima facie, that the decedent driver was free from fault and that the plaintiff's alleged negligence was the sole proximate cause of the accident. In support of the motion, the defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony, which raised triable issues of fact as to whether the decedent driver was speeding at the time of the accident and whether the defendants' vehicle was so close to the intersection as to constitute an immediate hazard when the plaintiff's vehicle proceeded into the intersection after making two full stops (see Gaudio v City of New York, 189 AD3d 1546, 1548; Brodney v Picnic, 172 AD3d 673, 674; Katikireddy v Espinal, 137 AD3d at 868).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
BARROS, J.P., IANNACCI, CHAMBERS and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court