Orellana v Mendez (2022 NY Slip Op 05092)

Orellana v Mendez

2022 NY Slip Op 05092

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2020-08429
 (Index No. 713447/19)

[*1]Elizabeth Carrasco Orellana, respondent,
v
Nelson Torosina Mendez, appellant.

Nancy L. Isserlis (The Zweig Law Firm, P.C., Woodmere, NY [Jonah S. Zweig], of counsel), for appellant.
Surdez & Perez, P.C., Astoria, NY (Nicholas M. Madej of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Pam B. Jackman-Brown, J.), entered October 14, 2020. The order granted the plaintiff's motion for summary judgment on the issue of liability.
ORDERED that the order is affirmed, with costs.
On December 6, 2018, at approximately 8:00 a.m., on Myrtle Avenue at its intersection with 67th Street in Queens, vehicles operated by the plaintiff and the defendant collided as the defendant was making a left turn from 67th Street onto Myrtle Avenue. It is undisputed that 67th Street is a one-way street, that traffic on the subject section of 67th Street runs toward Myrtle Avenue, and that 67th Street is governed by a stop sign at its intersection with Myrtle Avenue. Myrtle Avenue is a two-way street with parking lanes on both sides, and there is no traffic control device governing Myrtle Avenue at its intersection with 67th Street. The plaintiff was traveling on Myrtle Avenue toward the subject intersection, when the defendant turned left from the stop sign on 67th Street onto Myrtle Avenue. The front of the defendant's vehicle collided with the driver's side door of the plaintiff's vehicle. Police officers responded to the scene, and a police accident report was prepared after the officers spoke with both parties.
In August 2019, the plaintiff commenced this action against the defendant to recover damages for personal injuries. Thereafter, the plaintiff moved for summary judgment on the issue of liability. In an order entered October 14, 2020, the Supreme Court granted the motion. The defendant appeals.
The proponent of a motion for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any triable issues of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562). "There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause" (M.M.T. v Relyea, 177 AD3d 1013, 1013 [citation and internal quotation marks omitted]). Still, the issue of proximate cause "'may be decided as a matter of law where only one conclusion may be drawn from the facts'" (Faust v Gerde, 150 AD3d 1204, [*2]1205, quoting Nesbitt v Gallant, 149 AD3d 763, 764).
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). Vehicle and Traffic Law § 1142(a) provides, in pertinent part, that "[e]xcept when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection."
If one party has established that the other party has committed negligence per se, the burden then falls to the opposing party to submit a nonnegligent explanation for the action (see Arbizu v REM Transp., Inc., 20 AD3d 375, 376). A driver who has the right-of-way is entitled to anticipate that other drivers will obey traffic laws that require them to yield (see Wolf v Cruickshank, 144 AD3d 1144, 1145). "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision [and] to see what there is to be seen through the proper use of his or her senses" (Ballentine v Perrone, 179 AD3d 993, 994; see De Castillo v Sormeley, 140 AD3d 918, 919). Finally, to be entitled to summary judgment on the issue of a defendant's liability, a plaintiff does not bear the burden of establishing the absence of his or her own comparative negligence (see Rodriguez v City of New York, 31 NY3d 312, 324-325; Diamond v Comins, 194 AD3d 784, 785).
Here, the plaintiff's submissions demonstrated, prima facie, that the defendant violated Vehicle and Traffic Law § 1142(a) by colliding with the plaintiff's vehicle in the intersection after facing a stop sign, while the plaintiff faced no traffic control device at the same intersection (see id.). Thus, the plaintiff established that the defendant was negligent as a matter of law (see Vainer v DiSalvo, 79 AD3d at 1024).
In opposition to the plaintiff's prima facie showing, the defendant failed to raise a triable issue of fact. The defendant failed to offer a nonnegligent excuse for his violation of Vehicle and Traffic Law § 1142(a) (see Faust v Gerde, 150 AD3d at 1205). Additionally, the defendant's contention that the accident was the result of the plaintiff's alleged speeding is speculative, as the defendant testified multiple times during his deposition that he did not see the plaintiff's vehicle prior to the impact. In any event, based on the evidence submitted, the plaintiff's alleged speeding would speak to the plaintiff's comparative fault, not the defendant's liability (see Rodriguez v City of New York, 31 NY3d at 324-325).
The defendant's remaining contention, that the plaintiff's motion was premature, is raised for the first time on appeal and is not properly before this Court (see Lopez v Bell Sports, Inc., 175 AD3d 1524, 1526; Unger v Coyle, 144 AD3d 668).
Accordingly, we affirm the order granting the plaintiff's motion for summary judgment on the issue of liability.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court