Nass v City of New York (2022 NY Slip Op 06132)

Nass v City of New York

2022 NY Slip Op 06132

Decided on November 2, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 2, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.

2021-00140
 (Index No. 517238/16)

[*1]Israel Nass, respondent,
v
City of New York, appellant.

Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Claude S. Platton and Janet L. Zaleon of counsel), for appellant.
Efrom J. Gross, West Hempstead, NY (Michael Dachs of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Katherine Levine, J.), dated November 9, 2020. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On the morning of January 28, 2016, approximately 4½ days after the cessation of a major snowstorm, the plaintiff allegedly was injured when he slipped on a patch of ice in a paved triangular area adjacent to a traffic circle on Kings Highway in Brooklyn. The triangular area was bordered on one side by the traffic circle, and on the other two sides by two perpendicular streets that provided access to or from the traffic circle. The entire surface of the triangular area was painted with white stripes, and the entire perimeter of the area was marked by a painted line, on which fixed, vertical pylons had been placed at regular intervals, preventing cars from driving into the triangular area.
The plaintiff commenced this action against the defendant, the City of New York, and the defendant thereafter moved for summary judgment dismissing the complaint. The Supreme Court denied the defendant's motion, and the defendant appeals.
The defendant's contention that it had no duty to clear snow and ice from the subject triangular area, since it was not a street or a sidewalk or an area otherwise intended for vehicular or pedestrian travel, is not properly before this Court, as it is improperly raised for the first time on appeal.
"[A] defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing, inter alia, that it did not create the alleged hazardous condition" (Smith v New York City Hous. Auth., 124 AD3d 625, 625). Here, the defendant made a prima facie showing that it did not engage in any snow removal activity within the subject triangular area, and therefore was not responsible for creating the icy condition that caused the plaintiff to fall. In opposition to the defendant's motion, the plaintiff submitted an affidavit in which he averred that, [*2]in the afternoon of the day before his accident, he "observed City personnel shoveling the snow from the [subject triangular area] and making piles of snow upon the perimeters." Yet, at his examination pursuant to General Municipal Law § 50-h, the plaintiff had been asked "At any point between the snowfall and the morning before the accident happened, had you seen anyone clearing snow from that [triangular area]," and he had responded "No, no." Since the assertion made for the first time in the plaintiff's affidavit directly contradicted the testimony he had given at his General Municipal Law § 50-h examination, and he has not provided a plausible explanation for the inconsistency between the two statements, the assertion made in his affidavit must be viewed as presenting a feigned factual issue designed to avoid the consequences of his earlier testimony, and it is insufficient to raise a triable issue of fact (see Theissen v 7-Eleven, Inc., 189 AD3d 1502, 1504; Haxhia v Varanelli, 170 AD3d 679, 682; Lesaldo v Dabas, 140 AD3d 708, 709-710; Krakowska v Niksa, 298 AD2d 561).
The defendant also made a prima facie showing that it did not have constructive notice of the patch of ice on which the plaintiff slipped. "A defendant has constructive notice of a dangerous or defective condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it" (Louis-Juste v Fisher Park Lane Owner, LLC, 205 AD3d 703, 704; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). Here, the plaintiff testified that he did not see the subject patch of ice until after he slipped on it, which indicates that the patch of ice was not sufficiently visible and apparent to provide the defendant with constructive notice of its existence (see Spinoccia v Fairfield Bellmore Ave., LLC, 95 AD3d 993, 994; Robinson v Trade Link Am., 39 AD3d 616, 617; Murphy v 136 N. Blvd. Assocs., 304 AD2d 540, 540; Carricato v Jefferson Val. Mall Ltd. Partnership, 299 AD2d 444, 445). Furthermore, the climatological data submitted by the defendant in support of its motion demonstrated that during the two full days preceding the plaintiff's accident the temperature remained above the freezing mark, that there was no significant precipitation during that time, and that in the early morning hours on the day of the accident, the temperature dropped below the freezing mark. Thus, in view of this documented intervening thaw, any contention by the plaintiff that the ice patch on which he slipped was "a longstanding condition rather than ice which had formed overnight" would be "purely speculative in nature," and is insufficient to raise a triable issue of fact (Bonney v City of New York, 41 AD3d 404, 404; see Clapp v City of New York, 302 AD2d 347; Davis v City of New York, 255 AD2d 356, 357-358).
Thus, the defendant demonstrated, prima facie, that it did not create the icy condition that caused the plaintiff to fall and did not have notice of that condition, and, in response to those showings, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
In light of our determination, we need not address the defendant's remaining contention.
IANNACCI, J.P., RIVERA, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court