Davis v Khalil (2023 NY Slip Op 01659)

Davis v Khalil

2023 NY Slip Op 01659

Decided on March 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
HELEN VOUTSINAS, JJ.

2022-00096
 (Index No. 6842/19)

[*1]William Davis, appellant, 
v
Nichola Farro Khalil, respondent.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (Joel Hirschfield and James F. DiMaggio of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated December 6, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was struck by a vehicle owned and operated by the defendant as the plaintiff was crossing the southbound lanes of Route 300 at or near its intersection with Route 17K in the Town of Newburgh. It is undisputed that the plaintiff was crossing from the west side of the road to the east side of the road, and was not in a crosswalk at the time of the accident. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff's actions in crossing Route 300 at the time of the accident violated Vehicle and Traffic Law § 1152(a) and was the sole proximate cause of the accident. The plaintiff opposed the motion, arguing, among other things, that there were triable issues of fact as to whether the defendant was negligent in failing to exercise due care to avoid striking the plaintiff in violation of Vehicle and Traffic Law § 1146(a). In an order dated December 6, 2021, the Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant established her prima facie entitlement to judgment as a matter of law by submitting evidence that, under the circumstances of this case, the plaintiff's own conduct in crossing the roadway outside of a crosswalk was the sole proximate cause of the accident, and that the defendant was not at fault in the happening of the accident (see Pixtun-Suret v Gevinski, 165 AD3d 715, 715; Balliet v North Amityville Fire Dept., 133 AD3d 559, 560; Galo v Cunningham, 106 AD3d 865; cf. Elkholy v Dawkins, 175 AD3d 1487). However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendant failed to exercise due care to avoid striking the plaintiff with her vehicle by failing to see that which, through the proper use of her senses, she should have seen (see Vehicle and Traffic Law § 1146[a]; Sage v Taylor, 195 AD3d 971, 972; Searless v Karczewski, 153 AD3d 957, 959). Contrary to the defendant's contention, the plaintiff's affidavit submitted in opposition did not flatly contradict his prior deposition testimony and was not [*2]otherwise impermissibly tailored to create a feigned issue of fact (see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049; Serebrenik v Chelsea Apts., LLC, 207 AD3d 677, 679; cf. Nass v City of New York, 210 AD3d 684, 685).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., CHAMBERS, DOWLING and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court