Yasso v Town of Brookhaven (2023 NY Slip Op 04336)

Yasso v Town of Brookhaven

2023 NY Slip Op 04336

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
LINDA CHRISTOPHER
BARRY E. WARHIT
LILLIAN WAN, JJ.

2019-12522
 (Index No. 12106/15)

[*1]Anthony M. Yasso, etc., appellant-respondent,
v
Town of Brookhaven, et al., respondents, Terence Norton, et al., respondents-appellants.

Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for appellant-respondent.
Mintzer Sarowitz Zeris Ledva & Meyers, LLP, New York, NY (Thomas G. Darmody of counsel), for respondents-appellants.
Zaklukiewicz, Puzo & Morrissey, LLP, Islip Terrace, NY (Joseph M. Puzo of counsel), for respondent Town of Brookhaven.
Russo & Toner, LLP, New York, NY (David Gould and Trishé L.A. Hynes of counsel), for respondents Thomas Kehlenbeck and Barbara Kehlenbeck.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants Terence Norton and Mercedes Norton cross-appeal, from an order of the Supreme Court, Suffolk County (William G. Ford, J.), dated September 5, 2019. The order, insofar as appealed from, granted that branch of the cross-motion of the defendants Thomas Kehlenbeck and Barbara Kehlenbeck which was for summary judgment dismissing the complaint insofar as asserted against them. The order, insofar as cross-appealed from, denied the motion of the defendants Terence Norton and Mercedes Norton for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them.
ORDERED that the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the defendants Thomas Kehlenbeck and Barbara Kehlenbeck, payable by the plaintiff, and one bill of costs to the defendant Town of Brookhaven, payable by the defendants Terence Norton and Mercedes Norton.
The plaintiff's decedent allegedly was injured when the vehicle that he was driving collided with a vehicle that was owned by the defendant Barbara Kehlenbeck and driven by the defendant Thomas Kehlenbeck (hereinafter the defendant driver). The collision occurred at the intersection of Swezey Street and Chapel Avenue in the defendant Town of Brookhaven. The plaintiff's decedent, traveling south on Chapel Avenue, had a stop sign at the intersection with Swezey Street. The defendant driver, traveling east on Swezey Street, did not have a stop sign at this intersection. The defendants Terence Norton and Mercedes Norton (hereinafter together the Nortons) owned the property at the northwest corner of the intersection. The plaintiff's decedent commenced this action to recover damages for personal injuries against the Town, the defendant [*2]driver and Barbara Kehlenbeck (hereinafter together the Kehlenbecks), and the Nortons. The Nortons moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. The Kehlenbecks cross-moved for summary judgment dismissing the complaint and all cross-claims insofar as asserted against them. In an order dated September 5, 2019, the Supreme Court, inter alia, denied the Nortons' motion and granted the Kehlenbecks' cross-motion. The plaintiff's decedent appealed and the Nortons cross-appealed. During the pendency of the appeal and cross-appeal, the plaintiff's decedent died, and the plaintiff, as the administrator of his estate, was substituted for him.
"A homeowner has no duty under the common law to prevent vegetation from creating a visual obstruction to users of a public roadway, but a duty to such users may be created by statute or ordinance" (Dutka v Odierno, 145 AD3d 661, 664 [internal quotation marks omitted]). "[W]here a specific regulatory provision . . . imposes upon property owners a duty to prevent vegetation from visually obstructing the roadway, proof of noncompliance with the regulatory provision may give rise to tort liability for any damages proximately caused thereby" (id. at 664 [internal quotation marks omitted]). Pursuant to the Code of Town of Brookhaven § 85-882, "[o]n any corner lot, no . . . hedge, tree, shrub, bush or other growth which may cause danger to traffic by obscuring or obstructing visibility at intersections shall exceed 2½ feet in height."
Here, the Nortons failed to demonstrate, prima facie, their entitlement to judgment as a matter of law dismissing the complaint and all cross-claims insofar as asserted against them. Contrary to the Nortons' contention, the plaintiff's decedent alleged in the complaint that the Nortons had allowed the intersection to become obstructed by vegetation in violation of the predecessor section to Code of the Town of Brookhaven § 85-882. The Nortons did not demonstrate, prima facie, their compliance with Code of the Town of Brookhaven § 85-882. In support of their motion, the Nortons submitted photographs taken a few days before the collision. These photographs showed what appeared to be a solid wall of foliage on the Nortons' property which may have obstructed the view at the intersection of Chapel Avenue and Swezey Street. Moreover, as the foliage in those photographs extended well above the stop sign, the Nortons did not establish, prima facie, that the foliage did not exceed the 2½ foot height limit in Code of the Town of Brookhaven § 85-882 (see id.). Therefore, the Nortons' moving papers did not eliminate triable issues of fact as to whether they violated Code of the Town of Brookhaven § 85-882, and the Supreme Court correctly denied their motion regardless of the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Shuofang Yang v Sanacore, 202 AD3d 1120, 1121 [internal quotation marks omitted]). "A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (id. at 1121 [internal quotation marks omitted]). "Pursuant to Vehicle and Traffic Law § 1142(a), 'every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection'" (id. [quoting Vehicle and Traffic Law § 1142(a)]). "[T]he question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that the driver failed to yield after initially stopping" (id. [internal quotation marks omitted]). "The operator of an oncoming vehicle with the right-of-way is entitled to assume that the opposing operator will yield in compliance with the Vehicle and Traffic Law" (id.). "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Lemanowicz v Zhenneng Wu, 208 AD3d 1179, 1181 [internal quotation marks omitted]). "At the same time, a driver traveling with the right-of-way may nevertheless be found to have contributed to the happening of the accident if he or she did not use reasonable care to avoid the accident" (Shuofang Yang v Sanacore, 202 AD3d at 1122 [internal quotation marks omitted]). "[A] driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision, to see what there is to be seen through the proper use of his or her senses, and to drive at a speed that is reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing" (Morocho v Brown, 208 AD3d 777, [*3]777 [internal quotation marks omitted]).
Here, the Supreme Court correctly determined that the Kehlenbecks established, prima facie, their entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. Only the plaintiff's decedent had a stop sign at the subject intersection, and his failure to yield to the defendant driver "constitute[d] negligence as a matter of law" (Shuofang Yang v Sanacore, 202 AD3d at 1121 [internal quotation marks omitted]; see Vehicle and Traffic Law § 1142[a]). The defendant diver was entitled to assume that the plaintiff's decedent would yield to him as required by Vehicle and Traffic Law § 1142(a) (see Shuofang Yang v Sanacore, 202 AD3d at 1121). Furthermore, the Kehlenbecks demonstrated, prima facie, that the defendant driver was not comparatively negligent, as he had "only seconds to react" when the plaintiff's decedent failed to yield (Lemanowicz v Zhenneng Wu, 208 AD3d at 1181 [internal quotation marks omitted]). The Kehlenbecks presented evidence that the defendant driver was not exceeding the speed limit of 30 miles per hour, that the plaintiff's decedent was traveling at a minimum of 30 miles per hour, and that the defendant driver pressed his brake when he saw the vehicle driven by the plaintiff's decedent. As such, the Kehlenbecks demonstrated, prima facie, that the defendant driver exercised due care to avoid the collision (see Morocho v Brown, 208 AD3d at 777; Shuofang Yang v Sanacore, 202 AD3d at 1122). In opposition, the plaintiff's decedent failed to raise a triable issue of fact. The plaintiff's decedent submitted, inter alia, an affidavit from an accident reconstructionist who opined that the plaintiff's decedent did not stop at the stop sign and that he was traveling at a minimum of 27 miles per hour at the time of the collision. Accordingly, the court correctly granted that branch of the Kehlenbecks' cross-motion which was for summary judgment dismissing the complaint insofar as asserted against them.
The Nortons' remaining contention, that it is pure speculation that the plaintiff's decedent failed to stop at the intersection due to foliage on the Nortons' property, is raised on appeal for the first time in their reply brief, and is not being considered as it is not properly before this Court (see Deutsche Bank Natl. Trust Co. v Smith, 211 AD3d 817, 819-820).
MILLER, J.P., CHRISTOPHER, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court