Jones v Haifeng Zuo (2023 NY Slip Op 05394)

Jones v Haifeng Zuo

2023 NY Slip Op 05394

Decided on October 25, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 25, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2022-06543
 (Index No. 502738/21)

[*1]Jubar David Jones, respondent,
v
Haifeng Zuo, appellant.

Karen J. Lawrence (Sweetbaum & Sweetbaum, Lake Success, NY [Joel A. Sweetbaum], of counsel), for appellant.
Joshua Brian Irwin, P.C. (Mitchell Dranow, Sea Cliff, NY, of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated June 22, 2022. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In 2021, the plaintiff commenced this action to recover damages for personal injuries he allegedly sustained in July 2020 when a vehicle he was driving collided with a vehicle driven by the defendant. In an order dated June 22, 2022, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for summary judgment on the issue of liability and dismissing the defendant's affirmative defense alleging comparative negligence. The defendant appeals.
"A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law" (Vainer v DiSalvo, 79 AD3d 1023, 1024). Vehicle and Traffic Law § 1142(a) provides, in pertinent part, that "[e]xcept when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop . . . and after having stopped shall yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard during the time when such driver is moving across or within the intersection." "[T]he question of whether the driver stopped at the stop sign is not dispositive where the evidence establishes that the driver failed to yield after initially stopping" (Fuertes v City of New York, 146 AD3d 936, 937; see Shufang Yang v Sanacore, 202 AD3d 1120, 1121).
A driver who has the right-of-way is entitled to anticipate that other drivers will obey [*2]traffic laws that require them to yield (see Orellana v Mendez, 208 AD3d 888, 889; Wolf v Cruickshank, 144 AD3d 1144, 1145). At the same time, "a driver who has the right-of-way has a duty to exercise reasonable care to avoid a collision [and] to see what there is to be seen through the proper use of his or her senses" (Ballentine v Perrone, 179 AD3d 993, 994; see De Castillo v Sormeley, 140 AD3d 918, 919). "A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability" (Xin Fang Xia v Saft, 177 AD3d 823, 825; see Rodriguez v City of New York, 31 NY3d 312, 323). Nevertheless, a plaintiff moving for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence may seek to establish freedom from comparative fault as a matter of law (see Poon v Nisanov, 162 AD3d 804, 808).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his affidavit, which demonstrated that the defendant failed to yield the right-of-way to the plaintiff and negligently drove his vehicle into the plaintiff's vehicle (see Vehicle and Traffic Law § 1142[a]; Orellana v Mendez, 208 AD3d at 890; Hunt v New York City Tr. Auth., 166 AD3d 735, 736-737). In opposition, the defendant failed to raise a triable issue of fact as to whether his negligence was a proximate cause of the accident.
The plaintiff also established his prima facie entitlement to judgment as a matter of law dismissing the defendant's affirmative defense alleging comparative negligence by demonstrating that he was not at fault in the happening of the accident (see Breen v Seibert, 123 AD3d 963, 964-965; Bennett v Granata, 118 AD3d 652, 653). However, in opposition to the plaintiff's prima facie showing, the defendant raised a triable issue of fact as to whether the plaintiff was comparatively at fault in causing the accident. In his affidavit, the defendant averred that after stopping at a stop sign, he did not have sufficient visibility to safely proceed, so he moved his vehicle forward and stopped again. The defendant further averred that after he stopped his vehicle for the second time, the front of his vehicle was past the stop sign, and remained stopped there for 10 to 20 seconds until the plaintiff's vehicle struck the defendant's vehicle. The defendant's affidavit raised triable issues of fact as to whether the plaintiff, who allegedly was looking straight ahead and had an unobstructed view of the road ahead, was negligent in failing to take reasonable care to avoid the collision (see Tornabene v Seickel, 186 AD3d 645, 647; Bermejo v Khaydarov, 155 AD3d 597; Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1128).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability, but the court should have denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's affirmative defense alleging comparative negligence.
DUFFY, J.P., FORD, DOWLING and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court