## Ellis v Serkan Limo, Inc.

2024 NY Slip Op 30323(U)

January 25, 2024

Supreme Court, Kings County

Docket Number: Index No. 525151/2020

Judge: Francois A. Rivera

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

At an IAS Term, Part 52 of the
Supreme Court of the State of
New York, held in and for the
County of Kings, at the
Courthouse at Civic Center,
Brooklyn, New York on the
25th day of January 2024

HONORABLE FRANCOIS A. RIVER

-------------------------------------------------------------------------X

WILLIAM ELLIS,

                    Plaintiff/Petitioner,

-against-

SERKAN LIMO, INC. and
JOEL JEAN LOUIS,

                    Defendants
-------------------------------------------------------------------------X

**DECISION & ORDER**
Index No. 525151/2020

Recitation in accordance with CPLR 2219(a) of the papers considered on the notice of motion filed on July 13, 2023, under motion sequence number two, by plaintiff William Ellis pursuant to CPLR §3212 for an order granting summary judgment in the plaintiff's favor on the issue of liability as asserted against defendants Serkan Limo, Inc. and Joel Jean Louis.

-Notice of motion
-Statement of material facts
-Affirmation in support
-Affidavit in support
      Exhibit A -H
-Memorandum of law in support
-Affirmation in opposition
-Counterstatement of material facts
-Affirmation in reply

**BACKGROUND**

On December 16, 2020, plaintiff commenced the instant action to recover damages for personal injury sustained in a motor vehicle accident by filing a summons and verified complaint with the Kings County Clerk's office (KCCO). On January 21, 2021, the defendants joined issue by interposing and filing a joint verified answer. On May 30, 2023, plaintiff filed a note of issue.

[* 1]

Plaintiff's verified complaint alleges the following salient facts. On September 5, 2020, at approximately 05:20 PM, plaintiff was riding a bicycle north bound on Bedford Avenue toward its intersection with Saint John's Place, in Brooklyn, New York. At that time, place, and date, defendant, Joel Jean Louis was driving a motor vehicle bearing New York license plate number T652784C (hereinafter the adverse vehicle) with the permission of its owner, defendant, Serkan Limo, Inc. Joel Jean Louis was traveling south bound on Bedford Avenue in Brooklyn, New York and making a left hand turn onto Saint John's Place. Joel Jean Louis struck the plaintiff due to his negligent operation of the adverse vehicle. The collision caused the plaintiff to sustain serious physical injury.

**LAW AND APPLICATION**

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*Alvarez v. Prospect Hospital*, 68 N.Y.2d 320 [1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Guiffirda v. Citibank*, 100 N.Y.2d 72 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v. Gervasio*, 81 N.Y.2d 1062 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez v. Prospect Hospital*, supra, 68 N.Y.2d at 324).

Pursuant to CPLR 3212(b) a court will grant a motion for summary judgment upon a determination that the movant's papers justify holding, as a matter of law, that there is no defense to the cause of action or that the cause of action or defense has no merit. Further, all of the

[* 2]

evidence must be viewed in the light most favorable to the opponent of the motion (*Marine Midland Bank v. Dino & Artie's Automatic Transmission Co.*, 168 A.D.2d 610 [1990]) (*People ex rel. Spitzer v. Grasso*, 50 AD3d 535, 544 [1st Dept 2008]).

Plaintiff's deposition transcript establishes the following facts. On September 5, 2020, at approximately 05:20 PM, plaintiff was riding a bicycle north bound on Bedford Avenue in Brooklyn, New York. At the same time defendant, Joel Jean Louis was driving a motor vehicle bearing New York license plate number T652784C south bound on Bedford Avenue in Brooklyn. Plaintiff proceeded into the intersection with a green light in his favor. Joel Jean Louis also proceeded into the intersection and made a left turn across opposing traffic and struck the plaintiff in the process. Plaintiff also submitted a certified police report. Defendant Joel Jean Louis advised the police that he did not see the plaintiff before the collision.

Vehicle and Traffic Law § 1141 requires that the driver of a vehicle intending to turn to the left within an intersection ... yield the right of way to any vehicle approaching from the opposite direction which is within the intersection or so close as to constitute an immediate hazard. A driver with the right-of-way is entitled to anticipate that the other driver will obey traffic laws that require the driver to yield (*Orellana v. Mendez*, 208 A.D.3d 888, 889 [2nd Dept 2022]). Further, a driver is negligent when an accident occurs because the driver failed to see that which through proper use of the driver's senses he or she should have seen (*Mehta v. Keaveney*, 216 A.D.3d 635, 635 [2nd Dept 2023]).

Plaintiff's deposition testimony establishes that Joel Jean Louis violated Vehicle and Traffic Law § 1141 when he made a left turn directly into the path of plaintiff's bicycle (see *Maloney v. Niewender,* 27 AD3d 426 [2nd Dept 2006]). In opposition the defendants contend that the deposition transcript of the plaintiff submitted in support of the motion was unsigned

[* 3]

contrary to the requirement of CPLR 3016(a) and, therefore should be disregarded. The argument has no merit. A party to an action, or a witness on behalf of a party to an action, does not need to comply with the formalities of CPLR 3116 (a) in order to use its own deposition transcript in support of his own summary judgment motion, since, by submitting the transcript in support of his own motion, it accepts the accuracy of the transcript (*Nyambuu v. Whole Foods Mkt. Grp., Inc.*, 191 A.D.3d 580, 582 [1st Dept 2021]). Defendant further argues that the plaintiff's testimony in the deposition transcript raises issues of the plaintiff's comparative fault precluding summary judgment. To be entitled to partial summary judgment a plaintiff does not bear the double burden of establishing a prima facie case of defendant's liability and the absence of his or her own comparative fault (*Rodriguez v. City of New York*, 31 N.Y.3d 312, 324–25 [2nd Dept 2018]). In sum, the defendants' opposition papers do not raise a triable issue of fact.

**CONCLUSION**

The motion by plaintiff William Ellis pursuant to CPLR §3212 for an order granting summary judgment on the issue of liability as asserted against Defendants Serkan Limo, Inc. and Joel Jean Louis is granted.

The foregoing constitutes the decision and order of this Court.

ENTER:                              _François A. Rivera_

                                          J.S.C.

[* 4]