Monahemi v Gohari (2024 NY Slip Op 02697)

Monahemi v Gohari

2024 NY Slip Op 02697

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2021-07015
 (Index No. 604531/20)

[*1]Elyas M. Monahemi, respondent, 
v
Avi Gohari, etc., appellant.

Jannuzzi & Schwarz, Huntington, NY (Michael J. Jannuzzi and Maximillian Schwarz of counsel), for appellant.
Kase & Druker, Garden City, NY (James O. Druker and Paula Schwartz Frome of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for an accounting, the defendant appeals from an order of the Supreme Court, Nassau County (Catherine Rizzo, J.), dated September 8, 2021. The order, insofar as appealed from, denied the defendant's motion for summary judgment dismissing so much of the complaint as sought an accounting and to recover damages with respect to the development and sale of properties located on Sinclair Drive, Gracefield Drive, Steven Lane, and Briar Lane in Nassau County.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff and the defendant are former business partners in the development of six properties located in Great Neck and Kings Point. Four of those properties, which were located on Sinclair Drive, Gracefield Drive, Steven Lane, and Briar Lane (hereinafter collectively the four subject properties), were developed and sold between October 2008 and February 2011. The plaintiff and the defendant did not enter into a written agreement regarding the development of any property.
In May 2020, the plaintiff commenced this action against the defendant to recover damages for breach of an alleged oral partnership agreement between the parties concerning the development of the six properties, fraud, and breach of fiduciary duty, and for an accounting of the partnership assets. According to the plaintiff, once a property was completed, the defendant gave an accounting of the expenses incurred in developing the property and the funds invested and disbursed a share of the profits to each investor proportional to their investment, including the plaintiff. In or around 2019, the plaintiff learned that the defendant had inflated the expenses incurred in the development of the properties so as to decrease the profits that were then paid to investors for the defendant's own benefit.
The defendant moved for summary judgment dismissing, as time-barred, so much of the complaint as sought an accounting and to recover damages with respect to the development and sale of the four subject properties. In support of his motion, the defendant submitted an affidavit in which he stated that he and the plaintiff had entered into six separate partnership agreements, one [*2]for each property, and that the partnerships for each of the four subject properties dissolved upon the sale of those respective properties. In an order dated September 8, 2021, the Supreme Court, inter alia, denied the defendant's motion. The defendant appeals.
"'A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence the action has expired. The burden then shifts to the plaintiff to present evidence raising a triable issue of fact as to whether the action falls within an exception to the statute of limitations' or whether the statute of limitations has been tolled" (Cammarato v 16 Admiral Perry Plaza, LLC, 216 AD3d 903, 904, quoting Osborn v DeChiara, 165 AD3d 1270, 1271).
Here, the defendant established, prima facie, that so much of the complaint as sought an accounting and to recover damages for breach of the partnership agreement as was based on the development and sale of the four subject properties was untimely through submission of his affidavit, which demonstrated that the parties entered into separate partnership agreements for each of the four subject properties, which dissolved more than six years prior to the commencement of this action (see Partnership Law § 74; CPLR 213[1]; Gelman v Buehler, 20 NY3d 534, 537; Mashihi v 166-25 Hillside Partners, 51 AD3d 738, 739). The defendant also established, prima facie, through the submission of his affidavit, that so much of the complaint as alleged fraud and breach of fiduciary duty as was based on the development and sale of the four subject properties was untimely (see Davis v Farrell Fritz, P.C., 201 AD3d 869, 872).
In opposition, the plaintiff raised a triable issue of fact as to whether these causes of action were timely with respect to the four subject properties through the submission of, among other things, his own affidavit, which demonstrated that the parties entered into a single partnership agreement encompassing their development venture which continued until in or around 2020 (see Partnership Law § 74; CPLR 213[1]), and that the plaintiff could not, with reasonable diligence, have discovered the defendant's alleged fraud with respect to the four subject properties until 2019 (see CPLR 203[g][1]; 213[8]; Monteleone v Monteleone, 162 AD3d 761, 762). Contrary to the defendant's contention, the plaintiff's affidavit submitted in opposition was not "impermissibly tailored to create a feigned issue of fact" (Davis v Khalil, 214 AD3d 947, 948; see Red Zone LLC v Cadwalader, Wickersham & Taft LLP, 27 NY3d 1048, 1049).
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing, as time-barred, so much of the complaint as sought an accounting and to recover damages with respect to the development and sale of the four subject properties.
BRATHWAITE NELSON, J.P., CHAMBERS, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court