Alterisio v Rodriguez (2024 NY Slip Op 03155)

Alterisio v Rodriguez

2024 NY Slip Op 03155

Decided on June 12, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2023-00819
 (Index No. 720644/19)

[*1]Steven Alterisio, respondent, 
v
Felix Rodriguez, et al., appellants, et al., defendants.

The Law Offices of Christopher P. Di Giulio, P.C., New York, NY (William Thymius of counsel), for appellants.
The Pagan Law Firm, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Gregory Freedman, and Jillian Logan], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Felix Rodriguez and Pepsi Cola Bottling Co. of New York appeal from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered December 22, 2022. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained when he was struck by a vehicle operated by the defendant Felix Rodriguez (hereinafter the defendant driver) and owned by the defendant Pepsi Cola Bottling Co. of New York (hereinafter together with the defendant driver, the Pepsi defendants). The Pepsi defendants moved for summary judgment dismissing the complaint insofar as asserted against them. By order entered December 22, 2022, the Supreme Court denied the motion. The Pepsi defendants appeal.
A "defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709; see Yasso v Town of Brookhaven, 219 AD3d 784; Kirby v Lett, 208 AD3d 1174, 1175; McPhaul-Guerrier v Leppla, 201 AD3d 920, 921). A driver of a motor vehicle has a common-law duty to see that which he or she should have seen through the proper use of his or her senses (see Wargold v Hudson Tr. Lines, Inc., 219 AD3d 546, 548; Francis v J.R. Bros. Corp., 98 AD3d 940; Steiner v Dincesen, 95 AD3d 877). A driver is negligent where he or she failed to see that which, through proper use of his or her senses, he or she should have seen (see Mehta v Keaveney, 216 AD3d 635, 636; Shuofang Yang v Sanacore, 202 AD3d 1120, 1122; Sage v Taylor, 195 AD3d 971, 972). "Since there can be more than one proximate cause of an accident, a defendant seeking summary judgment must establish freedom from comparative fault as a matter of law" (Fergile v Payne, 202 AD3d 928, 930 [internal quotation marks omitted]; see Mohammed v City of New York, 206 AD3d 988, 989). "[G]enerally, it is for the trier of fact to determine the issue of proximate cause" (M.M.T. v Relyea, 177 AD3d 1013, 1013 [internal quotation marks omitted]).
The Pepsi defendants established their prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver was not at fault in the happening of the accident. However, in opposition, the plaintiff raised a triable issue of fact as to whether the defendant driver failed to exercise due care by failing to see that which, through the proper use of his senses, he should have seen (see Davis v Khalil, 214 AD3d 947, 948; Tucubal v National Express Tr. Corp., 209 AD3d 788, 789-790).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the motion of the Pepsi defendants for summary judgment dismissing the complaint insofar as asserted against them.
DUFFY, J.P., CHRISTOPHER, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court