Brewster v Riseboro Community Partnership, Inc. (2025 NY Slip Op 00303)

Brewster v Riseboro Community Partnership, Inc.

2025 NY Slip Op 00303

Decided on January 22, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 22, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM G. FORD, J.P.
LILLIAN WAN
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2023-03984
 (Index No. 530566/21)

[*1]Carlos Brewster, respondent-appellant, 
v
Riseboro Community Partnership, Inc., et al., appellants-respondents.

Kenney Shelton Liptak Novak LLP, New York, NY (Mark A. Collesano, Justin L. Hendricks, and Karl Daniel of counsel), for appellants-respondents.
Koenigsberg & Associates, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Paul H. Seidenstock], of counsel), for respondent-appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated April 3, 2023. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. The order, insofar as cross-appealed from, denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, culpable conduct on the part of the plaintiff, and assumption of the risk.
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, and that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, culpable conduct on the part of the plaintiff, and assumption of the risk is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
On the afternoon of July 9, 2021, a bicycle operated by the plaintiff collided with a vehicle owned by the defendant Riseboro Community Partnership, Inc., and operated by the defendant Jossie Cintron De Jesus (hereinafter the defendant driver) at the intersection of Avenue D and East 37th Street in Kings County. The plaintiff was traveling on Avenue D, which was not controlled by a traffic control device, and the defendants' vehicle was traveling on East 37th Street, which was controlled by a stop sign. The plaintiff commenced this action against the defendants to recover damages for personal injuries that he allegedly sustained. The plaintiff moved, inter alia, for summary judgment on the issue of liability and dismissing the defendants' affirmative defenses alleging comparative negligence, culpable conduct on the part of the plaintiff, and assumption of the risk. The plaintiff argued that the defendant driver's failure to yield the right-of-way was the sole proximate cause of the accident. In an order dated April 3, 2023, the Supreme Court granted that [*2]branch of the plaintiff's motion which was for summary judgment on the issue of liability and denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, culpable conduct on the part of the plaintiff, and assumption of the risk. The defendants appeal, and the plaintiff cross-appeals.
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Cruz v DiSalvo, 188 AD3d 986, 987; see Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131). "As a general matter, a driver who fails to yield the right-of-way after stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d at 1131; see Breen v Seibert, 123 AD3d 963, 964). "Even though the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, he or she still has a duty to exercise reasonable care to avoid a collision with another vehicle already in the intersection" (Park v Giunta, 217 AD3d 661, 662; see Tornabene v Seickel, 186 AD3d 645, 646). "Even though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence and culpable conduct on the part of the plaintiff" (Sapienza v Harrison, 191 AD3d 1028, 1029; see Seizeme v Levy, 208 AD3d 809, 810).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting his own affidavit, which demonstrated that the defendant driver was negligent in entering the intersection without yielding the right-of-way to the plaintiff and that such negligence was a proximate cause of the accident (see Vehicle and Traffic Law § 1142[a]; Policart v Wheels LT, 221 AD3d 920, 921-922; Jones v Haifeng Zuo, 220 AD3d 933, 934; Balladares v City of New York, 177 AD3d 942, 944). The plaintiff also demonstrated his prima facie entitlement to judgment as a matter of law dismissing the defendants' affirmative defenses alleging comparative negligence and culpable conduct on the part of the plaintiff on the ground that the defendant driver's negligence was the sole proximate cause of the accident. "[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision" (Yelder v Walters, 64 AD3d 762, 764; see Jones v Haifeng Zuo, 220 AD3d at 934; Breen v Seibert, 123 AD3d at 965). Finally, the plaintiff demonstrated that the doctrine of assumption of the risk does not apply to this case (see Cotty v Town of Southampton, 64 AD3d 251, 256; Moore v City of New York, 29 AD3d 751, 752).
In opposition, the defendants failed to raise a triable issue of fact (see Israel v Nichols, 226 AD3d 756, 757; Belle-Fleur v Desriviere, 178 AD3d 993).
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability. However, the court should have granted that branch of the plaintiff's motion which was for summary judgment dismissing the defendants' affirmative defenses alleging comparative negligence, culpable conduct on the part of the plaintiff, and assumption of the risk.
FORD, J.P., WAN, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court