Walker v Joseph (2025 NY Slip Op 02809)

Walker v Joseph

2025 NY Slip Op 02809

Decided on May 7, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
LAURENCE L. LOVE, JJ.

2024-02563
 (Index No. 516393/21)

[*1]Yolanda Walker, appellant, et al., plaintiff,
v
Melora Arlene Joseph, et al., respondents.

Gallo Vitucci Klar LLP, New York, NY (Joseph Scarglato of counsel), for appellant.
James G. Bilello, Westbury, NY (Martha E. Donovan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Yolanda Walker appeals from an order of the Supreme Court, Kings County (Robin K. Sheares, J.), dated April 27, 2023. The order denied that plaintiff's motion for summary judgment dismissing the defendants' counterclaim.
ORDERED that the order is affirmed, with costs.
On March 15, 2021, a vehicle operated by the plaintiff Yolanda Walker (hereinafter the Walker vehicle) collided with a vehicle operated by the defendant Melora Arlene Joseph and owned by the defendant Karen Browne. The accident occurred at the intersection of East 216th Street and Willett Avenue in the Bronx. The plaintiff Theresa Quamina was seated in the front passenger seat of the Walker vehicle at the time of the accident. The Walker vehicle was traveling in an westerly direction on East 216th Street, a one-way street which was not governed by a traffic sign at its intersection with Willett Avenue. The defendants' vehicle was traveling in a northerly direction on Willett Avenue, a one-way street which was governed by a stop sign at its intersection with East 216th Street. In June 2021, the plaintiffs commenced this action to recover damages for personal injuries sustained as a result of the accident against the defendants. The defendants interposed an answer wherein they asserted a counterclaim against Walker for indemnification and/or contribution. Walker moved for summary judgment dismissing the defendants' counterclaim. In an order dated April 27, 2023, the Supreme Court denied the motion. Walker appeals.
"'There can be more than one proximate cause of an accident, and [g]enerally, it is for the trier of fact to determine the issue of proximate cause'" (Saviano v TT of Massapequa, Inc., 223 AD3d 851, 852, quoting Richardson v Cablevision Sys. Corp., 173 AD3d 1083, 1084). "Therefore, '[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (id., quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709).
"Pursuant to Vehicle and Traffic Law § 1142(a), a driver entering an intersection controlled by a stop sign must yield the right-of-way to any other vehicle that is already in the intersection or that is approaching so closely as to constitute an immediate hazard" (Yongyong Zhu v Shrestha, 229 AD3d 844, 845 [internal quotation marks omitted]; see Shuofang Yang v Sanacore, 202 AD3d 1120, 1121). "As a general matter, a driver who fails to yield the right-of-way after [*2]stopping at a stop sign is in violation of Vehicle and Traffic Law § 1142(a) and is negligent as a matter of law" (Shvydkaya v Park Ave. BMW Acura Motor Corp., 172 AD3d 1130, 1131; see Jones v Haifeng Zuo, 220 AD3d 933, 934; Enriquez v Joseph, 169 AD3d 1008, 1009). "'While the driver with the right-of-way is entitled to assume that other drivers will obey the traffic laws requiring them to yield, the driver with the right-of-way also has an obligation to keep [a] proper lookout and see what can be seen through the reasonable use of his or her senses to avoid colliding with other vehicles'" (Richardson v Cablevision Sys. Corp., 173 AD3d at 1085, quoting Miron v Pappas, 161 AD3d 1063, 1064; see Roderick v Golden, 230 AD3d 816, 817).
Here, in support of her motion, Walker submitted, inter alia, transcripts of her deposition testimony and the deposition testimony of Joseph. Walker established, prima facie, that Joseph was negligent in failing to yield the right-of-way in violation of Vehicle and Traffic Law § 1142(a), but failed to establish, prima facie, that she was free from comparative negligence and that Joseph's violation of Vehicle and Traffic Law § 1142(a) was the sole proximate cause of the accident (see Roderick v Golden, 230 AD3d at 817). Joseph testified that after coming to a full stop at the stop sign, her view was obstructed due to a truck that was parked at the corner, so she inched her vehicle forward into the intersection while looking to the right when the impact occurred. Walker testified that she was looking straight ahead, had an unobstructed view of the road, and did not see the defendants' vehicle prior to the collision. Accordingly, triable issues of fact remain as to whether Walker was negligent in failing to see what was there to be seen and failing to take reasonable care to avoid the collision (see Jones v Haifeng Zuo, 220 AD3d at 934-935; Tornabene v Seickel, 186 AD3d 645, 647; Mu-Jin Chen v Cardenia, 138 AD3d 1126, 1128; see also Roderick v Golden, 230 AD3d at 817-818).
Accordingly, the Supreme Court properly denied Walker's motion for summary judgment dismissing the defendants' counterclaim.
CHAMBERS, J.P., BRATHWAITE NELSON, LANDICINO and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court